UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

UNITED STATE OF AMERICA,

v.

AHMED SHERZAI,

Defendant-Petitioner.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
14-CR-60 (MKB)
16-CV-3523 (MKB)

MARGO K. BRODIE, United States District Judge:

On February 14, 2014, Defendant-Petitioner Ahmed Sherzai pled guilty to one count of bribing a public official in violation of 18 U.S.C. § 201(b)(1). (Minute Entry dated Feb. 14, 2014, Docket Entry No. 17.) On April 30, 2015, the Court sentenced Petitioner to forty-eight months of imprisonment and three years of supervised release. (Minute Entry dated Apr. 30, 2015, Docket Entry No. 31.) On, March 28, 2016, Petitioner sent a letter to the Court requesting that the Court reduce his sentence. (Pet'r Letter dated Mar. 28, 2016 ("Pet."), Docket Entry No. 41.) Because the fourteen-day period within which Petitioner should have moved to reduce his sentence had elapsed, the Court construed Petitioner's request as a petition to modify his sentence pursuant to 28 U.S.C. § 2255. (Order dated May 16, 2016 at 1–4, Docket Entry No. 43.) The Court notified Petitioner that before converting his request to a section 2255 petition, the Court needed Petitioner to consent to the conversion. (*Id.* at 3–4.) Petitioner subsequently consented to the conversion. (Pet'r Letter dated May 23, 2016, Docket Entry No. 44.) For the reasons discussed below, the Court denies the petition.

**I. Background**

In 2013, Petitioner worked for a military contractor in Afghanistan that was responsible for fuel deliveries to United States military bases. (Pet. 2; Plea Hr'g Tr. ("Plea Tr.") 23:24–24:6,

Docket Entry No. 18.) Each time a military contractor failed to deliver fuel to a United States military base, the military imposed a $75,000 fine on the contractor for the missed fuel delivery. (Pet. 5–6.) Petitioner bribed a United States military official (the "Military Official") to falsify transportation movement requests ("TMRs"), which are military records that document the delivery of fuel. (Pet. 2; Plea Tr. 7:4–8.) By falsifying a TMR, it would appear that the contractor delivered the fuel, despite no delivery, and the false TMR prevented the contractor from being fined for a missed delivery. (Pet. 5–6.) Petitioner sought to have the Military Official falsify fourteen TMRs by indicating that the fuel shipment associated with each TMR was delivered, thereby avoiding the $75,000 fine for each of the fourteen missed fuel deliveries. (Plea Tr. 24:15–26:4.)

### a. Petitioner's plea

Based on the foregoing, Petitioner pled guilty to one count of bribing a public official in violation of 18 U.S.C. § 201(b)(1). (Minute Entry dated Feb. 14, 2014; Plea Tr. 22:24–26:13.) Petitioner entered into a plea agreement with the government, which provides in pertinent part:

> The [g]overnment estimates [a] likely . . . range of imprisonment of [seventy to eighty-seven] months. . . .
>
> The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of [eighty-seven] months or below. This waiver is binding without regard to the sentencing analysis used by the Court. . . . The defendant waives any right to additional disclosure from the government in connection with the guilty plea.

(Plea Agreement 3–4, Docket Entry No. 49-2.) Petitioner pled guilty before Magistrate Judge Robert Levy, on February 14, 2014. (Minute Entry dated Feb. 14, 2014; Plea Tr. 1.) Judge Levy questioned Petitioner as to his state of mind and whether Petitioner was entering the plea knowingly and voluntarily, to which Petitioner responded that he was of sound mind and

entering the plea voluntarily. (Plea Tr. 7:11–8:16.) Judge Levy explained to Petitioner all of the rights he was surrendering by entering a guilty plea and further explained that the Court was not bound to sentence him within the sentencing guidelines range specified in the plea agreement. (Plea Tr. 10:15–21:20.) Judge Levy specifically explained to Petitioner that "[i]n paragraph [four] [of the plea agreement], you have agreed not to appeal or otherwise challenge your sentence or conviction if you receive a term of imprisonment of [eighty-seven] months or less." (Plea Tr. 21:21–24.) Petitioner stated that he had been fully advised of his rights, understood the appeal waiver and voluntarily chose to enter the guilty plea. (Plea Tr. 8:17–10:14; 21:25.) The Court accepted the guilty plea on July 25, 2014. (Order dated July 25, 2014, Docket Entry No. 21.)

### b. Petitioner's sentencing

At the sentencing hearing before the Court, Petitioner disputed the falsity of five of the fourteen TMRs and the parties stipulated that Petitioner bribed the Military Official to falsify the remaining nine TMRs. (Sentencing Hr'g Tr. ("Sentencing Tr.") 4:1–4:17, Docket Entry No. 39.) Because the United States military imposes a $75,000 fine on contractors for every missed fuel delivery, the government argued at sentencing that Petitioner's bribes caused a loss of $675,000, representing the fines avoided for the nine missed fuel deliveries due to the falsified TMRs. (Sentencing Tr. 4:1–4:17.) Therefore, based on the stipulation that Petitioner falsified nine TMRs, the Court calculated the loss amount as $675,000, resulting in a total offense level of twenty-five with a sentencing guidelines range of fifty-seven to seventy-one months. (Sentencing Tr. 4:13–21.)

During his statement to the Court, Petitioner asserted that he did not believe he had caused any harm or loss to the government because the falsified TMRs pertained to unpaid invoices for fuel that was actually delivered and therefore his actions did not result in the

3

avoidance of any warranted fines. (Sentencing Tr. 7:3–12:20.) The Court asked Petitioner if he had any evidence proving that the fuel deliveries at issue were completed, to which Petitioner responded that he had "satellite pictures and signatures." (Sentencing Tr. 12:21–23.) Because Petitioner failed to present any evidence to support his assertion, the Court declined to accept Petitioner's assertion that the deliveries were in fact completed and that he was merely attempting to collect on unpaid invoices. (Sentencing Tr. 17:24–18:18.) The Court sentenced Petitioner below the sentencing guidelines range to forty-eight months of imprisonment. (Sentencing Tr. 18:19–25.) The Court informed Petitioner that because the Court sentenced him to a term of imprisonment below eighty-seven months, his appeal waiver would prevent him from successfully appealing his conviction and sentence unless he believed that either his guilty plea or appeal waiver was somehow unlawful or involuntary. (Sentencing Tr. 20:20–21:20.)

    c. **Petitioner's request to reduce his sentence**

Almost one year after the Court sentenced Petitioner, he filed the petition, seeking to reduce his sentence based on documentary evidence allegedly showing that the fuel deliveries were completed. (Pet. 1.) Petitioner attaches to the petition the transcript of a conversation he had with the Military Official, (Docket Entry No. 41-1), copies of various documents pertaining to the false TMRs, (Pet'r Docs. in Supp. of Pet. ("Pet'r Supp. Docs."), Docket Entry No. 41-2), and letters of support from his family and work colleagues, (Docket Entry No. 41-3). Petitioner argues that the transcript and supporting documents demonstrate that all of the fuel shipments were delivered, including the shipments associated with the nine falsified TMRs to which he pled guilty. (Pet. 2–9.)

## II. Discussion

### a. Standard of review

Under 28 U.S.C. § 2255, a prisoner in custody pursuant to a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the "sentence was imposed in violation of the Constitution or laws of the United States . . . or was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Gonzalez v. United States*, 792 F.3d 232, 238 (2d Cir. 2015) ("[A]ll challenges to a [federal] conviction and sentence can [] be brought in a [] § 2255 motion . . . ."); *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) ("[Section] 2255 is the appropriate vehicle for a federal prisoner to challenge the imposition of his sentence." (citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997))). When a defendant attacking his or her sentence is proceeding *pro se*, the Court must "read [the defendant's] submissions broadly so as to determine whether they raise any colorable legal claims." *United States v. Parisi*, 529 F.3d 134, 139 (2d Cir. 2008) (citing *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145–46 (2d Cir. 2002)).

### b. Petitioner knowingly and voluntarily waived his right to appeal his sentence

In the petition, Petitioner argues that the Court should reduce his sentence because he has evidence showing that the fuel was delivered and therefore the Court applied an incorrect loss amount in calculating the advisory guideline range and ultimately his sentence. (Pet. 1–10.) Petitioner also argues that his attorney failed to challenge factual errors in the pre-sentencing report regarding the TMRs and advised Petitioner that he should not raise the evidence showing that the fuel was delivered before the Court at the sentencing hearing. (Pet. 6–7.)

The government argues that the Court should deny the petition because Petitioner knowingly and voluntarily agreed to the appeal waiver, which, because he received a sentence

5

below eighty-seven months, prohibits him from challenging his sentence. (Gov't Opp'n to Pet. ("Gov't Opp'n") 5–6, Docket Entry No. 49.) The government argues, in the alternative, that the petition fails on the merits because Petitioner stipulated that he bribed the Military Official to falsify nine TMRs to show that fuel was delivered and to avoid the $75,000 fine for each of the missed deliveries. (Gov't Opp'n 6–7.) The government also argues that, to the extent Petitioner is asserting that he received ineffective assistance of counsel based on his attorney's advice regarding the falsity of the TMRs, Petitioner fails to show prejudice as he intended to bribe the Military Official to falsify nine TMRs. (Gov't Opp'n 6–7.)

In reply, Petitioner argues that he received ineffective assistance of counsel because his attorney failed to present the evidence showing that all the fuel deliveries were made and failed to inform Petitioner that his pre-sentencing home confinement did not count toward his sentence. (Pet'r Reply to Gov't Opp'n 3–4 ("Pet'r Reply"), Docket Entry No. 51.)

A defendant who has agreed to an appeal waiver and subsequently seeks to challenge the sentence imposed, must show the appeal waiver is unenforceable. *See United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) ("We have long held that waivers of the right to appeal a sentence are presumptively enforceable." (internal quotation marks omitted) (quoting *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010))); *see also United States v. Ritter*, --- F. App'x ---, ---, 2017 WL 2704469, at *1 (2d Cir. June 23, 2017) (quoting same); *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (holding that appeal waivers prohibiting a defendant's collateral attack on the defendant's conviction or sentence are presumed to be enforceable). A defendant can show that an appeal waiver is unenforceable in four ways: "(1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases; (3) where the government breached the agreement containing the waiver; and (4) where the district court

failed to enunciate any rationale for the defendant's sentence." *Burden*, 860 F.3d at 51 (internal quotation marks omitted) (citing *United States v. Gomez-Perez*, 215 F.3d 315, 31 (2d Cir. 2000)); *accord Sanford*, 841 F.3d at 580; *see also United States v. Jiminez*, 106 F. App'x 92, 93 (2d Cir. 2004) (holding the Second Circuit "generally enforce[s] [appeal] waivers, even for possibly incorrect sentences, unless the waiver falls into a very circumscribed area of exceptions" (citing *Gomez-Perez*, 215 F.3d at 319)).

A defendant may show that an appeal waiver was not knowing and voluntary by showing that the defendant's counsel rendered ineffective assistance of counsel during the plea negotiation process. *Parisi*, 529 F.3d at 138–39; *see also Ritter*, ---, F. App'x ---, 2017 WL 2704469 at *1 (holding that a defendant may show that an appeal waiver is unenforceable "through an ineffective assistance of counsel claim . . . show[ing] that the plea agreement was not knowing and voluntary" (internal quotation marks omitted) (quoting *Parisi*, 529 F.3d at 138–39)). However, a defendant who signs an appeal waiver may not "assert independent claims relating to events occurring prior to the entry of the guilty plea." *Parisi*, 529 F.3d. at 138 (internal quotation marks omitted) (first quoting *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996); and then citing *Gomez-Perez*, 215 F.3d at 318). Nor may a defendant raise an ineffective assistance of counsel claim when the claim "attacks the *sentence* itself and not the underlying plea agreement that supported the sentence." *Jiminez*, 106 F. App'x at 93 (citing *United States v. Monzon*, 359 F.3d 110, 118 (2d Cir. 2004)). In sum, "[t]o raise a claim despite a[n] . . . appeal waiver, [a] [defendant or] petitioner must show that the plea agreement was not knowing and voluntary, because the advice he received from counsel was not within acceptable standards." *Parisi*, 529 F.3d at 138 (internal quotation marks omitted) (first citing *United States v. Da Cai Chen*, 127 F.3d 286, 289–90 (2d Cir. 1997); and then quoting *United States v. Torres*, 129 F.3d 710, 715–16 (2d Cir. 1997)).

Here, Petitioner fails to show that he did not knowingly and voluntarily agree to the appeal waiver contained in the plea agreement. The appeal waiver states that:

> [Petitioner] agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of [eighty-seven] months or below. This waiver is binding without regard to the sentencing analysis used by the Court.

(Plea Agreement 4.) Judge Levy confirmed that Petitioner knew and understood that he was waiving his right to appeal if he was sentenced to eighty-seven months or less. (Plea Tr. 21:21–24.) The Court sentenced Petitioner to forty-eight months of imprisonment, a term below eighty-seven months. (Sentencing Tr. 18:19–25.) Therefore, the appeal waiver is enforceable unless Petitioner establishes one of the four grounds for unenforceability. *See Sanford*, 841 F.3d at 580–81 ("[The defendant] agreed in his plea agreement not to . . . challenge the conviction or sentence in the event [the district court] impose[d] a term of imprisonment of 210 months or below. The [district court] imposed 148 months' imprisonment, thus triggering the waiver.").

Petitioner explicitly states that he is challenging "only the sentence, as the proofs [that the fuel was delivered] were not presented to [the Court] during the sentencing." (Pet'r Reply 2.) However, in view of the appeal waiver, Petitioner may not "attack[] the *sentence* itself" without first attacking "the underlying plea agreement that supported the sentence." *Jiminez*, 106 F. App'x at 93; *see also United States v. Hester*, 589 F.3d 86, 94 (2d Cir. 2009) (dismissing a defendant's challenge to his sentence based on an appeal waiver because "he [did] not attack the agreement nor suggest that his decision to sign it was anything more than knowing and voluntary").

Petitioner's ineffective assistance of counsel claim fails to overcome the waiver, because those claims are also directed at Petitioner's sentence and not at the advice Petitioner received

8

from his attorney during the plea negotiation process.[1] *See Jiminez*, 106 F. App'x at 93 (holding that a defendant's challenge to his sentence was barred by an appeal waiver and his ineffective assistance of counsel claims failed to show that the waiver was unenforceable as those claims were directed at the validity of his sentence); *see also Saleh v. United States*, No. 13-CV-1567, 2016 WL 4734601, at *6 (E.D.N.Y. Sept. 9, 2016) ("Petitioner alleges that his counsel was ineffective in connection with sentencing. Because any ineffective performance that occurred during sentencing did not affect the process by which Petitioner entered the plea agreement, these claims are barred by the appeal waiver." (first citing *United States v. Djlevic*, 161 F.3d 104, 107 (2d Cir. 1998); and then citing *Jiminez*, 106 F. App'x at 93)). Accordingly, Petitioner's challenges are barred by the appeal waiver.

---

[1] Liberally construing Petitioner's ineffective assistance of counsel claim as an assertion that Petitioner's plea was not knowing and voluntary because his counsel provided deficient representation by advising Petitioner to agree that he bribed the Military Official to falsify nine TMRs without first obtaining the evidence Petitioner submitted to the Court in support of his argument that the fuel was delivered, Petitioner's challenge nevertheless fails. To invalidate the appeal waiver based on ineffective assistance of counsel, Petitioner must "affirmatively prove prejudice arising from counsel's allegedly deficient representation." *United States v. Parisi*, 529 F.3d 134, 139 (2d Cir. 2008) (citations omitted). To establish prejudice, Petitioner must show that "but for the ineffective advice of counsel" he would have "receive[d] a more favorable plea offer," *Assadourian v. Brown*, 493 F. App'x 223, 224 (2d Cir. 2012), or that "but for counsel's errors he would have gone to trial," *United States v. Arteca*, 411 F.3d 315, 318 (2d Cir. 2005).

As explained below in Part II.c, the record reflects by at least a preponderance that the fuel was not delivered for the nine TMRs Petitioner was charged with bribing the Military Official to falsify. Petitioner therefore fails to establish prejudice because it is unlikely that the government would have offered Petitioner a plea agreement stating that Petitioner bribed the Military Official to falsify less than nine TMRs or that the fuel pertaining to the nine TMRs was delivered, *see Assadourian*, 493 F. App'x at 224 (holding that the petitioner failed to show prejudice because "the record [did] not reflect" a "reasonable probability that [the defendant would have received] a [more favorable] plea offer"); and Petitioner does not argue that he would have proceeded to trial if, prior to entering his plea, he possessed the evidence about the false TMRs that is currently before the Court, *see Arteca*, 411 F.3d at 320 (holding the defendant failed to show prejudice because "[t]he record [did] not support the conclusion" that "it is reasonably probable that he would have proceeded to trial" if his counsel provided him with the information he wanted prior to entering his plea).

### c.  Petitioner's challenge to his sentence fails on the merits

Petitioner argues that the Court should reduce his sentence because he has evidence showing that the fuel was delivered and therefore the Court applied an incorrect loss amount in calculating his sentence.  (Pet. 1–10.)  In support of the petition, Petitioner submitted documents, which he argues establish that the fuel pertaining to the false TMRs was delivered.  (Pet'r Supp. Docs. 1–47.)[2]  Assuming that Petitioner's challenge to his sentence is not barred by the plea waiver, the Court nevertheless finds that Petitioner fails to establish that the fuel for the nine false TMRs underlying his sentence was actually delivered.

"Facts in support of a sentencing calculation," which include facts underlying a "loss amount," "need only be proven by a preponderance of the evidence."  *United States v. Holloran*, 821 F.3d 321, 341 (2d Cir. 2016) (internal quotation marks omitted) (quoting *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993)).

Here, the Court's calculation of Petitioner's loss amount was supported by a preponderance of the evidence.  At the sentencing hearing, Petitioner disputed the falsity of five of the fourteen TMRs and the parties stipulated that Petitioner bribed the Military Official to falsify nine TMRs.  (Sentencing Tr. 4:1–4:17.)  When the Court asked Petitioner at the sentencing hearing if he had any evidence proving that the fuel deliveries at issue were completed, Petitioner responded that he had "satellite pictures and signatures."  (Sentencing Tr. 12:21–23.)  Petitioner argues that the documents he submitted in support of the petition are the documents he was referring to at the sentencing hearing and show that the fuel pertaining to the nine false TMRs was delivered.  (Pet. 1–10.)

---

[2]  Because Petitioner's supporting documents are not consecutively paginated, the Court refers to the electronic document filing system (ECF) pagination.

The documents submitted by Petitioner do not contain any pictures or images establishing that the fuel was delivered. Rather, the documents are (1) the government's investigation notes from conversations with various individuals who worked for the United States military and had some connection to the fuel deliveries in Afghanistan and (2) email correspondence between Petitioner and the Military Official pertaining to the false TMRs.

These documents show that the Military Official informed Petitioner "that all nine of the TMRs are no shows" and that "he [would] prepare memos for all nine of the TMRs," which would cause the government not to charge fines for the failed fuel deliveries. (Pet'r Supp. Docs. at 41.) Petitioner argues that the Military Official's statement that "all nine of the TMRs are no shows" is unreliable because the information underlying his belief that the fuel for the nine TMRs was not delivered was based on unreliable information. (Pet. 3.) However, there is no evidence in the record to support Petitioner's assertion that the Military Official's statement was unreliable and Petitioner fails to point to any evidence to support his assertion that the Military Official's statement was unreliable.

In addition, Petitioner argues that all nine TMRs have signatures from government officials and those officials would not have signed the TMRs if the fuel had not been delivered. (*Id.*) Petitioner argues that although statements in the investigation notes state that forged signatures appear on four of the nine TMRs, he lacked any knowledge of the forgeries. (*Id.* at 4–5.) Petitioner also argues that the investigation notes do not specify that forged signatures appear on the other five TMRs, which therefore evidences that the signatures are accurate and the fuel was delivered. (*Id.* at 4–5.) As to the four TMRs with the forged signatures, even assuming Petitioner did not know the signatures were false, the forged signatures support the finding that the fuel pertaining to those four TMRs was not delivered. (*See* Pet'r Supp. Docs. at 20–22, 36–37.) As to the other five TMRs, while statements contained in the investigation notes do not

explicitly state that the signatures were forged, they do assert that the TMRs were false because they contain forged or altered information as well as information that would not be included on TMRs that were not forged. (*See id.*)

Thus, the evidence Petitioner relies on fails to support Petitioner's claim that the fuel was delivered for the nine TMRs and instead establishes by a preponderance that the fuel was not delivered and supports the loss amount underlying Petitioner's sentence. *See United States v. Singh*, 390 F.3d 168, 191–92 (2d Cir. 2004) (holding that a preponderance of the evidence supported the district court's determination of the loss amount underlying the defendant's sentence because documentary evidence illustrated that the defendant submitted false insurance reimbursement claims); *see also United States v. Rutigliano*, --- F. App'x ---, ---, 2017 WL 2304458, at *3–4 (2d Cir. May 26, 2017) (holding that a defendant's sentence was proper because he stipulated to the loss amount and alternatively the record supported the finding that the defendant "prepared disability narratives for large numbers of Long Island Railroad employees who were not in fact disabled, all the while knowing that [the state] would erroneously rely upon them in paying benefits to those employees").

### III. Conclusion

For the foregoing reasons, the Court denies the petition.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: September 1, 2017
      Brooklyn, New York